On Return to Remand

McMillan, judge.
This cause was remanded to the circuit court for an evidentiary hearing to determine *250 whether the appellant had made a prima facie showing that the prosecutor’s strikes of two black veniremembers were racially discriminatory an in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The trial court has now filed its return, which states, in pertinent part, that the court initially decided that the appellant had made out a prima facie casé but that, upon reflection, the court reversed that decision and issued a final ruling that the appellant had not presented a prima facie case.
However, before issuing its final decision, the trial court required the State to present its reasons for striking or selecting prospective jurors. Because explanations were offered, this Court will consider the sufficiency of those explanations.
The prosecutor stated at the hearing that, generally, he had wanted mature jurors with stable backgrounds and that, toward this end, he had fashioned a composite rating of each prospective juror. Each veniremember was rated on an ascending scale, ranging from a low of “minus” to “zero-minus” to “zero,” to “zero-plus” to “plus.” The rating was based upon such criteria as employment, driving and criminal histories, age, marital status, demeanor and cooperation during voir dire examination, and juror-specific information elicited during voir dire or already known to the State.
The prosecutor stated the following specific reasons for his strikes of the jurors in question: Juror No. 48 — “[sjingle, very young, not registered to vote, and had been cited for two speeding tickets”; Juror No. 57 — “[sjingle, very young, not registered to vote, a poor driver’s history, and a terrible or unkempt appearance.” He rated Juror No. 48 a “zero-minus,” and Juror No. 57 a “zero.” Six white jurors were struck by the State— three were rated “zero-minus” and three were rated “zero.” The lowest rated white juror who served was a “zero-plus.” Two blacks, rated “zero-plus” and “plus” by the State, served on the jury.
The trial court entered the following specific findings of fact:
“The State struck 7 of 10 unmarried jurors,[1] 5 white and 2 black.
“The State struck 7 of 10 young (under age 29) jurors, 5 white and 2 black, and struck 1 over age 29.
“At least 9 of the jurors who served were registered to vote.
“The State struck 3 of 3 jurors with a poor driving history,[2] 1 white and 2 black.
“The State struck the only person with a poor or unkempt appearance. This person was black.”
The court found that the State had applied the criteria and rating system equally to each prospective juror, without regard to race. In addition, the court found that the defendant had relied generally on the same basic criteria as the State, applied in reverse, in deciding which jurors to strike.
Based on the record, the appellant failed to prove purposeful racial discrimination on the part of the State. Therefore, the trial court’s denial of his Batson motion is due to be, and it is hereby, affirmed.
AFFIRMED.
All judges concur, except LONG, J., who recuses.

. During the hearing on remand, the trial court stated that the State had 8 peremptory strikes and the appellant had 7.

. A poor driving history consisted of involvement in three or more wrecks, two or more citations, or a combination thereof.